UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.     )<br>)<br>DEREK S. LELAND,     )<br>)<br>    Defendant.     ) | CR-05-8-B-W |

### ORDER ON GOVERNMENT'S MOTION TO SEAL

On December 6, 2005, the United States moved this Court to seal portions of a transcript of the trial of Derek Leland. (Docket # 77).[1] This Court denies the Government's motion.

The common law presumes a right of public access to judicial records. *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 9 (1st Cir. 1998). This presumption stems from the premise that "public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" *Id.* at 9-10 (quoting *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 410 (1st Cir. 1987)(citation omitted)). Further, the First Circuit has stated that the "mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." *Id.* at 10.

The Government contends that the First Amendment would not be violated by continued sealing. However, the First Amendment covers access to criminal trials, *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 (1980), including juror voir dire, *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 509-10 (1984), and extending to trial-like preliminary hearings in criminal cases. *El Vocero v. Puerto Rico,* 508 U.S. 147, 149-50 (1993). *See In re Boston Herald, Inc.,* 321 F.3d 174, 183 (1st Cir. 2003). It applies with equal force to trials that end

---

[1] Mr. Leland was acquitted by jury verdict dated September 23, 2005. (Docket # 69). He has no direct interest in the Government's motion and has not responded.

without conviction. *Boston Herald,* 321 F.3d at 183; *Globe Newspaper Co. v. Pokaski,* 868 F.2d 497, 505-07 (1st Cir. 1989).

Here, the transcript reflects discussion and an initial evidentiary ruling concerning the potential impeachment of a government witness. The ruling favored disclosure to the Defendant, but was coupled with a strong hint that the information was so attenuated that it was unlikely to be admissible even for impeachment purposes.[2] The Government points out that the portion of the transcript it seeks to seal took place in chambers, not in open court. However, assuming this distinction could make a difference and this Court released only that portion that was aired in open court, this would raise the possibility of an inherently misleading and incomplete partial disclosure.

The Government bases its main argument on 5 U.S.C. § 552a. Although this Court is sensitive to the privacy concerns of governmental employees, those concerns cannot trump the First Amendment or the public's common law presumption of access to criminal trials, particularly when the information concerns what transpired during the trial, lacks the indicia of personal identification that motivated the enactment of the Privacy Act, and is remote and inconsequential. *See Kimberlin v. United States Dep't of Justice,* 788 F.2d 434, 436 (7th Cir. 1986).

The Government points out that as of yet no one has sought access, and argues that there is a difference between denying access to the transcript and placing it in the public domain. It urges the Court to seal the transcript until access is sought and only then determine whether to unseal. This point has some merit, especially if the public were aware of what took place in open court and this awareness could lead an interested party to make a request for additional access.

---

[2] After the information was disclosed, the Defendant decided against attempting to use it against the government witness.

But, here, this Court is not inclined to make a mountain out of what it characterized in open court as not amounting to a "hill of beans".

    SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2006